USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

DARQUI GARCIA,                          :

                Plaintiff,   :   15 Civ. 3854 (HBP)

   -against-                           :   OPINION
                                                        AND ORDER

VIAND COFFEE SHOP OF 61ST. INC.,        :
d/b/a "Viand Coffee Shop" and
GEORGE KONTOGIANNIS,                    :

                Defendants.  :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve the parties' settlement, made by letter dated April 28, 2016 (Docket Item 40).  All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action for allegedly unpaid wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law.  Plaintiff also asserts claims based on defendants' alleged failure to maintain certain records as required by New York State law.

        Plaintiff alleges that he was formerly employed by defendants as a delivery worker, cashier, drink server, telephone

attendant, coffee preparer and waiter at defendants' coffee shop. Plaintiff claims that he worked for defendants from October 2001 through September 11, 2015 and that he typically worked 63 hours per week. According to plaintiff, he worked 63 hours per week and was initially paid $2 per hour; he alleges that he later received a fixed salary of $50 per day but was required to work one day per week without any compensation. Plaintiff claims that exclusive of liquidated damages and statutory penalties, he is owed approximately $91,000; if liquidated damages, statutory damages and interest are included, plaintiff claims he is owed approximately $314,000.

Defendants dispute plaintiffs allegations concerning the number of hours worked and the wages received. Defendants state that they have time cards showing that plaintiff rarely worked more than 40 hours per week.[1] According to defendants, if plaintiff's tips are credited, plaintiff received well in excess of the minimum wage. If plaintiff succeeds in proving that he was not paid for one day per week and that defendants are not entitled to the benefit of the tip credit, defendants claim that plaintiff's unpaid wages are approximately $66,000 exclusive of liquidated damages.

---

[1] Plaintiff disputes the accuracy of these time cards.

2

I held a lengthy settlement conference on February 24, 2016 that was attended by the principals and their counsel. The parties were unable to agree on a figure to settle the matter during the course of the conference, and at the conclusion of the conference, I suggested that $130,000, paid over 18 months, would be a fair settlement. The parties subsequently advised that each had agreed to my proposal.

> Court approval of an FLSA settlement is appropriate
> 
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (inner quotation marks and citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. Keybank, N.A., 293

3

F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982). The presumption of fairness in this case is bolstered by he caliber the parties' counsel. All parties are represented by counsel who are known to me to be extremely knowledgeable regarding wage and hour matters and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

The proposed settlement, before deduction of legal fees, provides plaintiff with approximately 140% of what he claims is unpaid wages to be and more than 200% of what defendants state the unpaid wages would be if plaintiff succeeds in proving that plaintiff was compelled to work one day without any pay and that defendants are not entitled to the tip credit. Given the general uncertainty of litigation, the fact that plaintiffs' case, at least at this point, is based entirely on plaintiffs' own testimony, defendants' time records (which may or may not be accurate) and the burden of proof that plaintiff bears, the settlement represents a fair and reasonable compromise of plaintiffs' claims.[2]

---

[2] I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). As described in Cheeks, the purpose of the FLSA is to regulate the relationship
(continued...)

4

Accordingly, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is requested to mark this matter closed.

Dated:  New York, New York
        May 13, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[2](...continued)
between an employee and his employer and to protect the employee from over-reaching by the employer. 796 F.3d at 206. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

5